[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO CORRECT JUDGMENT
1. In Article IIA at page 4 of the court's Memorandum of Decision of June 19, 1996 it correctly found the value of Mizzy Construction, Inc. on June 30, 1995 to be $554,000. However, on page 9 of its decision it incorrectly listed the value of the company at $584,000 and by doing so also incorrectly stated the value of defendant's estate as well as the value of the total marital estate. These incorrect figures were carried forward on pages 16, 17 and 18 of the decision. In order to correct the initial error and the erroneous figures which flowed therefrom, the following pages 9, 16, 17 and 18 are substituted for the original pages 9, 16, 17 and 18 in its Memorandum of Decision.
2. Defendant's request that the court correct its order concerning alimony arrearage is denied. CT Page 5256-EE
BY THE COURT
John D. Brennan State Judge Referee
Bank of Boston 500 20 Shares of Storage Tech at $25 P/S 500 I.R.A. 20,601 G G Escrow 12,112 1995 I.R.S. refund 800 Clients Funds 582 --------- Total $ 296,892
Defendant (husband)
1/2 equity in Florida condominium $ 38,250 1/2 equity in No. 21 Neal Ct. Plainville, CT 87,700 1/2 interest in Mizzy Construction, Inc. 554,000 1989 Mercedes 560 21,500 1996 Ford Explorer $25,000 — $19,000 down 6,000 Farmers and Mechanics C/A 800 Putnam — 35,786 Fidelity Guaranty 18,076 Unliquidated claim v. Mizzy Construction — Credits as per Article II B (supra) $115,490 --------- Total $ 877,602
* Total Marital Estate $1,174,494
 *The court is aware that plaintiff in her proposed orders refers to a $4000 I.R.S. refund anticipated by defendant but not included in his financial affidavit. The court's notes indicate defendant stated he had not filed a federal tax return for 1993, 1994 or 1995 and that he had received a refund of $1300 two or three years ago. For that reason, the court felt it more prudent to exclude this from the marital estate.
IV. The Evaluation of the Evidence In Accordance with the Provisions of Sec. 46b-81c C.G.S.
CT Page 5256-FF
A. General Background Information
The plaintiff wife, who is 46 years old, and the
Conclusion
After carefully weighing all of the evidence as it concerns the various factors recited in Sec. 46b-81c C.G.S. and after giving particular consideration to such predominating factors as the length of the marriage, the relative ages of the parties, their health, relative incomes their contribution to the marital estate, and lastly responsibility for the breakdown of the marriage, it is ordered that the marital estate of the parties be divided as follows:
Plaintiff 52 per cent
Defendant 48 per cent
V. The Distribution of the Martial Estate in Accordance With the Findings Made in Article IV (Supra).
 Total Marital Estate $1,174,494 Plaintiff (wife) 52.9% thereof 610,737 Defendant (husband) 48% thereof 563,757
 Plaintiff shall take and have:
 No. 23 Washington Street, Plainville, CT Total Equity $114,262
 No. 168 N.E. 6th Ct. Dania, Florida Total Equity 76,500
Household furniture, etc. —
Jewelry and Watch 16,000
1990 Ford Probe 3,000
Bank of Boston S/A 2,500
Christmas Club 85 CT Page 5256-GG
Bank of Boston 500
20 Shares of Storage Tech. at $25 P/S 500
I.R.A. 20,601
G G Escrow 12,112
1995 I.R.S. Refund 800
Client's Funds 582
 Fidelity Guaranty (Defendant's I.R.A.) 18,076 Sub total 265,518
 Plus amount due plaintiff from defendant 345,219
Total $610,737
Defendant shall take and have:
 No. 21 Neal Ct. Plainville, Connecticut Total Equity $ 175,400
1989 Mercedes 560 21,500
1996 Ford Explorer Equity 6,000
Farmers and Mechanics C/A 800
Putnam 35,786
 Unliquidated claim v. Mizzy Const. Inc. —
 One-half interest in Mizzy Construction, Inc. 554,000
 Credits as per Article IIB (supra) 115,490 Sub Total $ 908,976
Less Amount Due Plaintiff — $ 345,219
CT Page 5256-HH Total $ 563,757
VI. Supplemental Orders Relating to the Distribution of Marital Estate
A. Defendant shall forthwith quit claim to plaintiff all of his interest in premises known as No. 168 N.E. 6th Ct, Dania, Florida. Plaintiff shall in turn hold defendant harmless concerning the mortgage and any other incumbrances on said premises.
B. Plaintiff shall forthwith quit claim to defendant all of her interest in premises known as No. 21 Neal Ct., Plainville, Connecticut. Defendant in turn shall hold plaintiff harmless concerning the mortgage and any other incumbrances on said premises.
C. Defendant is ordered to give plaintiff forthwith his promissory note in the amount of $345,219, which note shall bear interest at the rate of 4 per cent per annum and shall be payable in manner and form as follows:
By the payment of $20,000 together with accrued interest six months from date hereof, and by the payment of a like sum of $20,000 together with accrued interest semi-annually thereafter until June 19, 2005, at which time all then outstanding balances of principal and interest shall be fully due and payable.